Form: ICB-12001-01 rev. 01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

Order Filed on July 12, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Diane A. Mc Caslin

Debtor(s)

Case No.:         19-10059 (ABA)

Hearing Date:   07/10/2019

Judge:             Andrew B. Altenburg, Jr.

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through three(3) is hereby

**ORDERED**.

**DATED: July 12, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 3
Debtor: Diane A. Mc Caslin
Case No.: 19-10059 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 01/02/2019, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of  $250.00 **for a period of 60 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $4,750.00.  The unpaid balance of the allowed fee in the amount of $3,960.00 plus costs of $0.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

Page 3 of 3
Debtor: Diane A. Mc Caslin
Case No.: 19-10059 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to challenge the claims.

**ORDERED** as follows:

  Pursuant to debtor's Chapter 13 Plan as last amended, the secured claim of Ditech Financial will be paid outside of the Chapter 13 Plan pursuant to a loan modification agreement. The Standing Trustee shall make no payments to Ditech Financial on account of pre-petition arrears set forth in the proof of claim dated March 18, 2019. Total plan length of 60 months.